UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM J. RISER,<br><br>　　　Plaintiff,<br><br>v.<br><br>MRS BPO, LLC,<br><br>　　　Defendant. | Case No. 3:22-cv-00713 |

## COMPLAINT

**NOW COMES**, William J. Riser ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of the Defendants, MRS BPO, LLC. ("MRS," or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, Regulation F ("Reg F"), 12 CFR 1006 *et seq.*, and Trespass to Chattels ("TTC"), stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff is domiciled in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the Plaintiff's claims occurred within the Northern District of Indiana.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. MRS is a debt collection agency with its principal office located 1930 Olney Ave. Cherry Hill, New Jersey 08003.

6. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the conduct giving rise to this action, Plaintiff was a customer of Capital One and amassed an outstanding balance of $653.00 ("subject debt").

8. Unfortunately, Plaintiff was unable to maintain timely payment and defaulted on the subject debt.

9. Thereafter, Defendant started placing collection calls to Plaintiff's cellular phone.

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number (219) XXX-7631.

11. Frustrated with the incessant telephone calls, in June 2022, Plaintiff answered a call from Defendant.

12. During this call, Plaintiff advised Defendant to cease its calls to his cellular phone.

13. Defendant's collections efforts were relentless and unreasonable and unfortunately continued despite Plaintiff's request.

14. Despite Plaintiff's requests that the collection calls cease, Defendant continued its collection calls, including calls from phone numbers 312-847-2357. Upon information and belief, Defendant has called from numerous other numbers.

15. From June 2022, through the present, Defendant placed multiple collection calls to Plaintiff's cellular phone *after* Plaintiff requested that the collection calls cease.

16. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

17. Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

18. Due to Defendant's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

21. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

3

22. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the credit reporting agencies to collect delinquent consumer accounts.

23. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

24. Defendant used the credit reporting agencies to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

25. Defendant violated 15 U.S.C. §§1692c, d, d(5) and f, through its unlawful collection practices.

   a. **Violation(s) of 15 U.S.C. §1692c**

26. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt.

27. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1)   at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .15 U.S.C. § 1692c(a)(1).

28. Defendant violated 15 U.S.C. §1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

29. Specifically, after Plaintiff requested that the phone calls cease June 2022, any time that Defendant called Plaintiff was an inconvenient time.

4

**b.      Violations of FDCPA §1692d**

26.     Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27.      Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28.     Defendant violated §§ 1692d and d(5) when it placed approximately 10 collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

29.     Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

30.     The fact that Defendant knowingly placed calls to Plaintiff after he made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**c.      Violation of  FDCPA §1692f**

31.     Defendant violated §1692f when it used unfair and unconscionable means to collect the fraudulent subject debt. Defendant was told by Plaintiff that its collection campaign was harassing and request all calls to stop. Despite Plaintiff's clear wishes, Defendant continued its harassing calls.

32.     As an experienced debt collector, Defendant knew or should have known the ramifications of its unlawful debt collection practices.

33.     As pled above, Plaintiff was harmed by Defendant's conduct.

34.     Upon information and belief, Defendant has no system in place to document, archive, and cease collection calls upon a consumer's request.

**WHEREFORE**, Plaintiff WILLIAM J. RISE requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF REGULATION F (12 CFR 1006 *ET SEQ.*)

35. All previous paragraphs of this Complaint are expressly adopted and incorporate herein as though fully set forth herein.

36. Pursuant to §1006.14(h) of Regulation F, a debt collector must not "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person" 12 CFR 1006.14(h).

37. Defendant violated §1006.14(h) of Regulation F by continuing to unconsented telephone calls to Plaintiff after Plaintiff requested Defendant to cease all contact.

**WHEREFORE**, Plaintiff, WILLIAM J. RISE, respectfully requests this Honorable Court for the following relief:

a. Declaring that the practices complained of herein are unlawful land violate Regulation F, therefore violating the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;

  c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

  d. Awarding any other relief as this Honorable court deems just and appropriate.

<u>**COUNT III-TRESPASS TO CHATTELS**</u>

 38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

 39. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

 40. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc*., 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

 41. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp*., 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

 42. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

 43. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

44. Defendant barraged Plaintiff with countless calls, leaving him unable to use or possess his cellular phone in the manner in which he wanted to during such time.

45. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, and the loss of battery life.

46. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

**WHEREFORE**, Plaintiff, WILLIAM J. RISE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff;

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 30, 2022

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com