UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM J. RISER, | |
| Plaintiff, | |
| v. | CASE NO. 3:22-CV-713-DRL-MGG |
| MRS BPO, LLC, | |
| Defendant. | |

**SCHEDULING ORDER**

On November 1, 2022, the parties were ordered to submit a joint proposed report no later than November 16, 2022. On November 16, 2022, the parties timely filed their proposed report presenting an agreed discovery plan, which the Court **ADOPTS** by reference. Consistent with that plan, the Court now enters the instant Rule 16(b) Scheduling Order regarding the conduct of discovery and deadlines as follows:

1. Pre-Discovery Disclosures. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **December 19, 2022**.

2. Amendment of Pleadings. The last date for the parties to amend the pleadings without leave of court is **March 1, 2023**. Thereafter, any amendments to the pleadings must be by motion and leave of court.

3. Discovery Plan.

Each party may serve a maximum of 25 interrogatories and 25 requests for admission on any other party.

Each party may conduct a maximum of 2 depositions, limited to maximum of 7 hours, unless extended by agreement of parties or order of the Court.

The Court having considered the parties' submission, now adopts and incorporates by reference the parties' agreement regarding electronic discovery and other discovery matters contained in the Report of Parties' Planning Meeting of November 16, 2022, but not specifically discussed herein.

The serving of reports from retained experts under Rule 26(a)(2) are due from plaintiff(s) by **June 1, 2023**; and from defendant(s) by **July 3, 2023**.

Supplementation under Rule 26(e) is due every **six weeks** until trial.

**The last date for the completion of ALL DISCOVERY is August 11, 2023**. No extension of this discovery deadline will be granted without good cause[1] and the Court's consent pursuant to Fed. R. Civ. P. 16(b)(4).

4. <u>Other Items</u>.

The presiding judge will hold a status conference to set a final pretrial conference and trial. To facilitate this status conference and a prompt trial date, **the last date to file any discovery-related nondispositive motion is July 11, 2023.** The parties are cautioned that additional discovery could be precluded if discovery-related motions are

---

[1] "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851-52 (7th Cir. 2002). A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists when a movant shows that "despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). In fact, as district courts are required to take a "firm hand" in enforcing scheduling orders in order to "secure the just, speedy, and inexpensive determination of every action," *Campania Mgmt. Co.*, 290 F.3d at 851-52, "more motions seeking modification of scheduling orders are denied than are granted." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.2 (3d ed.)(April 2021 Update).

filed after the nondispositive motion deadline. Accordingly, the parties are advised to complete timely discovery and, if necessary, file any motion to continue pretrial deadlines, motion to compel, or other such motions that may impact the schedule well enough in advance of this deadline to permit any necessary briefing and time for the Court to rule. Following the expiration of the nondispositive motion deadline, the presiding judge may address any such motions, including appropriate sanctions.

The timing for filing witness and exhibit disclosures under Fed. R. Civ. P. 26(a)(3) shall be governed by separate order issued by the presiding judge. Likewise, deadlines related to motions *in limine, Daubert* motions, and motions to quash or strike either witnesses or evidence, will be established at a pretrial status conference conducted by the presiding judge.

The deadline to file any dispositive motions is **September 11, 2023**, with any response due 28 days thereafter and any reply due 14 days after the filing of a response, consistent with N.D. Ind. L.R. 56-1(b)-(c).

To promote the speedy and just resolution of this matter, consistent with Fed. R. Civ. P. 1, and Local Rule 16-6(b), the parties are encouraged to engage in direct negotiations and/or alternate dispute resolution. To that end, although the parties indicate that they do not believe alternate dispute resolution will be productive at this time, the parties shall name a mediator no later than **December 16, 2022**. If the parties cannot agree upon a mediator, or if none is named, the Court will appoint a mediator to afford the parties an opportunity to participate in alternative dispute resolution.

The deadline for the parties to engage in mediation is **August 25, 2023**. Each party or an agent with full authority to settle shall be in attendance at any mediation session unless otherwise excused by order of this court.

**The Court hereby VACATES** the Preliminary Pretrial Conference scheduled for December 14, 2022, at 11:30 a.m. E.S.T.

**SO ORDERED** this 18th day of November 2022.

                                              s/Michael G. Gotsch, Sr.
                                              Michael G. Gotsch, Sr.
                                              United States Magistrate Judge

**EXPLANATION OF SCHEDULING ORDER:**

This explanation attempts to resolve ambiguities that have arisen in the past concerning the meaning of deadlines and other issues. The scheduling order must be enforced to allow the orderly handling of all the cases on the court's docket. Accordingly, the deadlines will be modified only for good cause shown consistent with Fed. R. Civ. P. 16(b)(4) and § 2.03(g) of this court's Civil Justice Expense and Delay Reduction Plan. This Explanation is meant to assist you in preparing the case within those deadlines, without running afoul of any misinterpretation.

A. <u>Discovery</u>.
    1. <u>Time limit for discovery requests</u>. All discovery other than depositions must be initiated at least forty-five days before the discovery deadline. A deposition commenced at least five days before the discovery deadline may continue beyond the discovery deadline. Notices of deposition shall be served on opposing counsel at least fifteen days before the deposition date.

    2. <u>Discovery disputes</u>. Fed. R. Civ. P. 1 requires that the rules of procedure be construed to secure the just, speedy, and inexpensive determination of every action. Therefore, discovery should be consistent with the needs and importance of the case and be conducted as to minimize the burden of discovery and concentrate on issues genuinely in dispute. You should be able to resolve substantially all discovery disputes without the court's intervention or assistance. Note N.D. Ind. L.R. 37-1, which obligates the parties to confer before enlisting the court's assistance under Fed. R. Civ. P. 26 or 37. To comply with Fed. R. Civ. P. 26(c) and 37(a)(5) in the event a discovery dispute

reaches the court, counsel should be prepared to state, in terms of hours expended and hourly rate, the fees and expenses incurred with respect to the discovery issue.

B.   Other matters.

   1.   Modification of order; continuances.  Unless otherwise provided by specific order or local rule, continuances (or extensions of time) with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired. *See* Fed. R. Civ. P. 16(b)(4). Lack of diligence or failure to comply with the scheduling order cannot be considered good cause. Absent disabling circumstances, the deadline for completion of discovery will not be extended unless there has been active discovery. Stipulations for extensions alone do not amount to the good cause necessary for a deadline extension. A motion to extend the discovery deadline should set forth (a) a statement of the discovery completed, (b) a specific description of the discovery that remains to be done, (c) a statement of the reason(s) discovery was not completed within the time allowed, and (d) a proposed schedule for the completion of the remaining discovery.

   2.   Briefing schedules.  The briefing schedule set forth in N.D. Ind. L.R. 7-1 shall apply to all motions, other than motions for summary judgment. Note that Local Rule 7-1 provides for different briefing schedules based on the type of motion filed. If you do not intend to file a response or reply, please inform the courtroom deputy clerk (574-246-8104), to avoid unnecessary delay in ruling on an uncontested matter.

   3.   Settlement.  The court encourages counsel to pursue the possibility of settlement vigorously during the entire pendency of this action, through and including the end of trial. Private negotiations are the most cost-effective approach to settlement. Civil Justice Expense and Delay Reduction Plan, § 4.01; *see also* N.D. Ind. L.R. 16-6 (prioritizing alternative dispute resolution in case management).

   4.   Further conferences or hearings.  Hearings on motions will be scheduled as needed. If lengthy discovery has been allowed, interim status conferences may be scheduled to monitor the case's progress and address any issues that may have arisen.

5